**UNITED STATES of America, Plaintiff,**

v.

**Robert Allen BROOKS, Defendant.**

**No. CR 93–21–M–CCL.**

United States District Court,
D. Montana,
Missoula Division.

March 29, 1994.

Robert J. Brooks, Asst. U.S. Atty., Butte, MT, for plaintiff.

Edmund F. Sheehy, Jr., Helena, MT, for defendant.

### ORDER

LOVELL, District Judge.

Before the court is Defendant's motion to dismiss both counts of the indictment on file herein. The motion has now been fully briefed and the court is prepared to rule.

**Count I:**

Count I alleges that Defendant was a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Defendant argues that, as a matter of law, he has not been "convicted of a crime punishable for a term exceeding one year," as that term is defined. What constitutes a conviction of such crime is determined in accordance with Montana law. 18 U.S.C. § 921(a)(20).

Section 46–18–801 of the Montana Code provides:

(1) Conviction of any offense shall not deprive the offender of any civil or constitutional rights except as they shall be specifically enumerated by the sentencing judge. . . .

(2) No person shall suffer any civil or constitutional disability not specifically included by the sentencing judge in his order of sentence.

Defendant was adjudged guilty of the offense of theft in the District Court of Lake County on or about January 6, 1989. He was given a five-year suspended sentence. The judge did not impose a condition of probation that Defendant could not possess a firearm. However, as a condition of probation, the judge did place Defendant under the jurisdiction of the Probation and Parole Division of the Department of Corrections ("Probation Division") and ordered that he comply with all of the terms and conditions established by the Probation Division. One of those conditions, which Defendant executed, was that he would not be in possession of a firearm.

■ This court has previously ruled that where a defendant was convicted of a felony but the judge did not specifically enumerate any civil or constitutional disabilities in the judgment, the defendant was not deprived of any civil rights. *United States v. Reynolds,* No. 91–2–H–CCL, 1992 WL 675798 (D.Mont. Aug. 17, 1992). However, in that case, Reynolds was not placed under the supervision of a probation or parole officer. *See Id.* at 2. Therefore, the central issue to be resolved in Defendant's claim is whether, pursuant to state law, his right to possess a weapon could be deprived by a court ordered condition that he comply with terms and conditions established by the Probation Division.

■ At the time of the judgment, the Department of Corrections had in effect, pursuant to Rule 20.7.1101(8), a standard condition forbidding a probationer from possessing a firearm. However, the court cannot determine from the parties' submissions whether the Probation Division had discretion to not impose that standard condition. If the sentencing judge knew with certainty that the standard condition would be imposed, and ordered Defendant to comply with the terms and conditions of the Probation Division, with that understanding, then the court would conclude that the standard condition was

"specifically included (or enumerated) by the sentencing judge" as required by statute. However, Defendant's motion to dismiss will be granted if the government fails to prove at or before the time of trial that the Probation Division had no discretion to exclude the standard condition as to this defendant.

**Count II:**

 Count II of the indictment alleges that Defendant concealed or stored a stolen firearm which had been shipped or transported in interstate commerce, knowing the firearm to be stolen, in violation of 18 U.S.C. § 922(j). Defendant argues that an essential element of the offense is that the stolen firearm be in interstate commerce when the offense was committed.

As the government points out, Congress recently amended § 922(j). Defendant's arguments notwithstanding, it is clear that Congress intended the amendment to expand federal jurisdiction to permit prosecution where the firearms moved in interstate or foreign commerce before being stolen, as alleged in Count II. *United States v. Honaker*, 5 F.3d 160, 161–62 (6th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1226, 127 L.Ed.2d 571 (1994). Thus, Defendant's motion to dismiss Count II fails.

**Order:**

Accordingly,

IT IS ORDERED that Defendant's motion to dismiss is DENIED as to Count II of the indictment on file herein. The court reserves ruling on Defendant's motion as to Count I until the time of trial.

The clerk is directed forthwith to notify the parties of entry of this order.